**FILED**

**JAN 29 2021**

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT WESTERN DIST. OKLA.
BY_____,DEPUTY

CIV 21 - 0064 HE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|
| Alan Eugene Strickland | |

| Place of Confinement: Davis Correctional Facility 6888 E. 133rd Rd., Holdenville, Oklahoma 74848 | Prisoner No.: 673141 |
|---|---|

Petitioner (include the name under which you were convicted)

Alan E. Strickland

v.

Respondent (authorized person having custody of petitioner)

Scott Crow

The Attorney General of the State of: Oklahoma

**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Dist. Court of Oklahoma County, State of Oklahoma
   320 Robert S. Kerr
   Oklahoma City, Oklahoma 73102

   (b) Criminal docket or case number (if you know): CF-2015-7080

2. (a) Date of the judgment of conviction (if you know): March 20-23, 2017

   (b) Date of sentencing: May 1, 2017

3. Length of sentence: Life

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: 1st Degree Murder

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty       ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty           ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____ *N/A* _____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

      ☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

      ☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: *Court of Criminal Appeals, State of Oklahoma*

(b) Docket or case number (if you know): *F-2017-457*

(c) Result: *Denied*

(d) Date of result (if you know): *July 12, 2018*

(e) Citation to the case (if you know): *N/A*

(f) Grounds raised: *Prop. I – Constitutional violation of Miranda rights*
*Prop. II – Evidentiary Violations*
*Prop. III – Instructional Error*
*Prop. IV – Prosecutorial Misconduct*
*Prop. V – Ineffective Assistance of Trial Counsel*

_____

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

    If yes, answer the following:

    (1) Name of court: *N/A*

    (2) Docket or case number (if you know): *N/A*

    (3) Result: *N/A*

    (4) Date of result (if you know): *N/A*

    (5) Citation to the case (if you know): *N/A*

(6) Grounds raised: _N/A_

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _District Court of Okla. County, State of Okla._

(2) Docket or case number (if you know): _PC-2020-466_

(3) Date of filing (if you know): _September 20, 2019_

(4) Nature of the proceeding: _Application for Post-Conviction Relief_

(5) Grounds raised: _Prop. I - 6th Amendment violation of Right to Effective Assistance of Trial Counsel_
_Prop. II - Ineffective Assistance of Appellate Counsel_
_Prop. III - Insufficient Evidence to Support Conviction_
_Prop. IV - Actual & Factual Innocence_

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: _N/A_

(8) Date of result (if you know): _N/A_

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _N/A_

(2) Docket or case number (if you know): _N/A_

(3) Date of filing (if you know):    _N/A_

(4) Nature of the proceeding:    _N/A_

(5) Grounds raised:    _N/A_

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes   ☒ No

(7) Result:    _N/A_

(8) Date of result (if you know):    _N/A_

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:    _N/A_

(2) Docket or case number (if you know):    _N/A_

(3) Date of filing (if you know):    _N/A_

(4) Nature of the proceeding:    _N/A_

(5) Grounds raised:    _N/A_

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes   ☒ No

(7) Result:    _N/A_

(8) Date of result (if you know):    _N/A_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1)  First petition:    ☒ Yes    ☐ No

    (2)  Second petition:    ☐ Yes    ☐ No

    (3)  Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

*N/A*

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    *Actual Innocence Claim*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*See attached*

(b) If you did not exhaust your state remedies on Ground One, explain why:    *N/A*

(c)    **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why:    *Appeal was done by O.I.D.S. appellate attorney Gina Walker. She refused my requests to raise this issue.*

**Ground One**: (a) Supporting facts Cont.

Petitioner raised the issue of actual innocence in his post conviction, and he argued factual information in support thereof in his post conviction application. Yet, the State courts failed to recognize the severity of the situation, and relevancy of the facts that provide indisputable proof that Petitioner did not commit the crime he was accused of and prosecuted for. Facts that also prove that not only was he wrongly convicted, but that he should not have been charged or prosecuted for the crime.

When Petitioner filed his Application for Post Conviction Relief, he also filed a Motion for Evidentiary Hearing for the purpose of presenting material issues of fact to the court and entered into the record for appeal, but the hearing was not provided. His claims were irrationally equated as self serving. However, the purpose of an evidentiary hearing is to present material issues of fact that were not presented at trial, facts that support a claim of a constitutional violation such as actual innocence, or an ineffective assistance of counsel claim.

In this instance the two go hand in hand. Had the hearing been properly afforded, it would have been obvious his claims are not self serving, they are factual, very much material to the issues presented, and he has been wrongfully convicted. The court, in Petitioner's opinion, and material evidence would clearly support, would have no choice but to reverse and dismiss his conviction, by fact he was wrongfully convicted by the state.

Prior to his direct appeal Petitioner made his appellate attorney aware of the facts he later had to present pro se in his application for post conviction. Unfortunately, his appellate attorney made no effort to confirm information provided to them.

The facts Petitioner attempted to present, and argued on appeal was his physical body. The rather obvious physical evidence was known to his trial attorney, and would have proven beyond doubt to any juror, reasonable or otherwise, that he was Not, and could Not be, the person who committed the crime if counsel had bothered to present what was obvious and available to

**Ground One**: (a) Supporting facts Cont.

disprove the prosecutions case and the witness who claimed to have clearly observed and described the shooter. An issue included in Petitioner's ineffective assistance of counsel claim.

Of relevance here is the fact that the person the prosecutions eye witness described could not have been Petitioner - by any stretch of imagination. The prosecutions eye witness consistently declared the person who shot the victim was tall, around his height of six (6) foot, had a T-shirt, did not have any tattoos on his forearms or hands, and weighed as much as he did, somewhere over two-hundred (200) lbs. This testimony was given at both the preliminary hearing and during the trial.

It will shock the Court to know that this Petitioner is Five (5) foot, Three (3) inches tall; at the time of his arrest, less than an hour after the 911 cal was made, weighed One-hundred and Fifty-five (155) pounds; and he had, and still has, several clearly observable tattoos on his forearms and hand that would have been very evident to the eye witness had it actually been Petitioner he described as the shooter.

To emphasize the facts Petitioner brings to the Courts attention this Petitioner has attached his Oklahoma Department of Corrections (ODOC) Personal Identification Form, DOC 040115A9 (R 1/12), from 4-09-13. A copy of this identification information was obtained from Petitioner's ODOC Field File by his Case Manager at the Davis Correctional Facility, Ms. McDaniels, and relates physical facts of his height, weight, and tattoos. This ODOC reception information from 2013, reflects that he was 5' 3" tall, and weighed 155, with several tattoos on his body.

At the time of his arrest, two years later (2015), he was the same height and weight that the 2013 ODOC reception information reflects. Notably, anyone who would have seen him in a T-shirt would clearly see his tattoos. Based on the pre-crime documentation Petitioner has presented the Court the prosecution's eye witness was not identifying him. The person the witness described was over half a foot taller, a hundred (100) lbs. heavier, and had no visible tattoos.

**Ground One**: (a) Supporting facts Cont.

As if this were not enough, it is worthy of note that at the time of his arrest the Petitioner had a colostomy bag attached to his lower intestines, and still does. This exterior intestinal waste attachment would have been obvious to anyone describing him in a T-shirt. If the eye witness had actually seen Petitioner, it is reasonable to assume that the witness would have mentioned the rather obvious protrusion of the attached bag just above Petitioner's belt line.

Other than these glaringly obvious failures to remotely identify Petitioner; for which Petitioner should have been granted the evidentiary hearing he requested to present the facts of his actual innocence, that would have also supported the blatantly ineffectual assistance of counsel that allowed him to be convicted for a crime he did not commit; there is more in the record that supports Petitioner's claim of actual innocence.

The State Medical Examiner testified that the victim was shot a single time, and from the trajectory of the bullet the person who shot the victim had to be at least 5' 9" tall. This too, by scientific evidence presented by an expert witness, physically excludes Petitioner from the height requirement for commission of the crime he has been convicted of.

There was no DNA evidence linking Petitioner to the crime, and although he was arrested within an hour of the incident no gun powder residue test was performed. The M.E. also determined that the victim was shot with a .22 caliber weapon, but no weapon was found that would remotely connect Petitioner to the crime. The only claim of evidence presented by the state was from a witness who utterly failed to connect Petitioner in any manner to the crime.

All this and more, with the exception of Petitioner's colostomy bag never being mentioned by the witness, was presented to the Oklahoma courts in support of his actual innocence claim, with what he, in his pro se status, believed to be relevant and supporting case law of the State as well as federal constitutional rights violations. Not a single court addressed the merits of Petitioner's claim, or assess the facts relevant to his actual innocence in any manner.

PH⸻AL IDENTIFICATION FORM ⸻

NAME: *Alan E. Strickland*   DOC#: *673141*   DATE: *4-09-13*
GENDER: *Male*   HEIGHT: *5'3"*   WEIGHT: *155*   HAIR: *Br.*   EYES: *Gr.*   RACE: *Cauc.*

Indicate placement of identifying marks on diagram. Write comments next to the relevant body area to provide a description of scars, marks, tattoos, deformities and amputations.

FRONT                    BACK



PALM          Sk. TOP

Staff Signature: _____

DOC 040115A (R 1/12)

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Application for Post-Conviction Relief_

Name and location of the court where the motion or petition was filed: _Oklahoma County District Court, 320 Robt. S. Kerr, Okla. City, Okla. 73102_

Docket or case number (if you know): _CF-2015-7080_

Date of the court's decision: _April 16, 2020_

Result (attach a copy of the court's opinion or order, if available): _(See attached) "Order Denying Application For Post-Conviction Relief."_

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _O.C.C.A. - Oklahoma Criminal Court of Appeals, 2100 N. Lincoln Blvd, Okla. City, Okla. 73105-4907_

Docket or case number (if you know): _PC-2020-466_

Date of the court's decision: _December 22, 2020_

Result (attach a copy of the court's opinion or order, if available): _(See attached) Order Affirming Denial of Application For Post-Conviction Relief_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _N/A_

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _N/A_

**GROUND TWO:** _Violation of 6th Amendment Right to Effective Assistance of Trial Counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _(See attached)_

**Ground Two**: (a) Supporting facts Cont.

Ineffective assistance of trial counsel finds support in Petitioner's first issue of actual innocence. Petitioner's trial counsel had clear evidence that directly refuted and disproved the State's claim against his client and did not expose it for the jury to see. All he had to do was have Petitioner stand up to reveal the fact that he was not as tall as the person the eye witness claimed he saw commit the crime, and that he had numerous tattoos on his arms that the shooter did not have, and the fact that there was an obvious colostomy bag attached to Petitioner. Instead counsel had Petitioner put in a suit with a long sleeved shirt and tie.

Counsel did not interview or secure testimony from the helicopter pilots, or footage from recording devises for when they arrived at Petitioner's abode. He did not review the information obtained by Petitioner's initial attorney and his investigator when they canvassed the neighborhood to learn the fact that nobody had seen Petitioner out at any point during the day of the shooting. Counsel also failed to secure the the very witness who would have testified to the fact that Petitioner was in bed with her when the 911 call was made to the police and when the police helicopters arrived at their location. All of the things Petitioner addressed in his attempted submission for post conviction (attached) were available for counsel to use, but counsel made no attempt to present the jury with an argument of the discernible reasoned facts.

It would appear that trial Counsel placed his whole case on the testimony of a single material witness who testified to the fact that he and his wife did not see Petitioner in the location of the shooting and that Petitioner did not walk down the street in front of his home as the eye witness claimed he did. Counsel made no effort to emphasize this fact to the jury. The state had a single witness that described a person other than Petitioner as the shooter, and defense counsel had it before him solid proof that the person described was not and could not have been Petitioner by any stretch of imagination. All he had to do was have Petitioner stand up in the courtroom, and have him show the jury his tattoos. Had he done so there is little doubt in this Petitioner's mind

**Ground Two**: (a) Supporting facts Cont.

that the jury would have reached the only conclusion they could have - Petitioner was not involved in the crime and had been erroneously charged of a crime he did not and could not have committed.

It was counsel's failure to utilize what was so readily available to prove beyond doubt, or any degree of reasoning that the eye witness to the shooting described a person who could not be by any stretch of reality the man put to trial.

Petitioner Prays this Court finds the facts of this equally disturbing. There can be little doubt that it was defense counsel's colossal failure that has allowed the State of Oklahoma to wrongfully convict a person who the eye witness did not describe.

He filed a motion for Evidentiary Hearing for the purpose of demonstrating to the court the fact that he does not meet the description provided by the State's eye witness at preliminary hearing and again during the actual trial of the person who shot the victim. The state courts did not acknowledge his attempt to provide material, factual proof of his innocence. It appears the State would prefer to allow an innocent man to remain in prison than allow show that he is in fact wrongfully convicted.

Petitioner argued for application of reasoning to facts on the basis of proven and supportive factual information only to be denied consideration by application of waiver because his attorney failed to raise issues during trial. It is evident that an examination of facts gathered during the investigation, and in contrast to testimony provided (physical characteristics of Petitioner compared to testimony of eye witness) provides full support to his claim of actual innocence. Counsel had all of this information available and failed to utilize it, and there is absolutely no excusable reason for doing so.

An Evidentiary Hearing will reveal the fact that Petitioner is not the person described as the shooter, and this fact is the very proof that counsel was ineffective in representation at trial.

**Ground Two**: (a) Supporting facts Cont.

Counsel's performance was deficient by any measure of professional norm. He had at his ready

disposal physical proof that his client was not the person the state's eye witness claimed to be the

person who committed the crime. This failure of counsel to present the jury with clear proof of

innocence prejudiced Petitioner's case by fact that he was convicted when he should not have

been. Although the State elected to ignore the fact, the *Strickland* standard was met with certainty.

(b) If you did not exhaust your state remedies on Ground Two, explain why: *N/A*

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: *N/A*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Application for Post-Conviction Relief*

Name and location of the court where the motion or petition was filed: *Oklahoma County District Court, 320 Robt. S. Kerr, Okla. City, Okla. 73102*

Docket or case number (if you know): *CF-2015-7080*

Date of the court's decision: *April 16, 2020*

Result (attach a copy of the court's opinion or order, if available): *(See attached)"Order Denying Application For Post-Conviction Relief."*

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☒ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *O.C.C.A.-Oklahoma Criminal Court of Appeals, 2100 N. Lincoln Blvd., Okla. City, Okla. 73105-4907*

Docket or case number (if you know): *PC-2020-466*

Date of the court's decision: *December 22, 2020*

Result (attach a copy of the court's opinion or order, if available): *(see attached)*
*Order Affirming Denial of Application For Post-Conviction Relief*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*N/A*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : *N/A*

**GROUND THREE:** *Violation of 6ᵗʰ Amendment Right to Effective Assistance of Appellate Counsel*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*(see attached)*

(b) If you did not exhaust your state remedies on Ground Three, explain why: *N/A*

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *Appeal was done by O.I.D.S. Appellate Attorney Gina Walker. She refused to raise any issues I requested.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

**Ground Three**: (a) Supporting facts Cont.

Petitioner's ineffective assistance of appellate counsel claim is related to and supported by the issues in his first two propositions. Appellate counsel was made aware of fact that Petitioner did not match the description of the person the eye witness claimed to have shot the victim. Appellate counsel was also made aware of all the issues Petitioner presented in his original application for post conviction. However, counsel elected to base her submission on appeal off what she could discover in the record from the trial proceedings.

Petitioner wrote letters to his appellate attorney on several occasions. A copy of one such letter was submitted as a exhibit in support of his claim of ineffective assistance of appellate counsel his reduced application for post conviction. It should be included in the record on appeal. For the Court's convenience Petitioner has hereto attached a copy of one of the letters to his appellate attorney, and her responses. This letter demonstrates the fact that Petitioner made his attorney aware of the fact he should have an evidentiary hearing to prove that he is not the person described by the witness. This should have alerted counsel to a grave identification and the need to reverse a wrongful conviction. Counsel's effort centered on the process of conviction. The trappings of a fair trial instead of the substance of the process. When it can be proven beyond question that the person described as a perpetrator of a crime is not the person seated in a courtroom then the person seated in the room should be released, the charges dropped and the person who actually did commit the crime sought out by the police. A process of conviction can not be counted as just when the wrong person is incarcerated.

In this instance justice has not been served. An innocent man has been convicted of a crime he was not identified as doing, and reasoning of known fact excludes him from. He did not have effective assistance of counsel, or appellate counsel to bring to the courts attention of the fact.

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Application For Post-Conviction Relief*

Name and location of the court where the motion or petition was filed: *Oklahoma County District Court, 320 Robt. S. Kerr, Okla. City, Okla. 73102*

Docket or case number (if you know): *CF-2015-7080*

Date of the court's decision: *April 16, 2020*

Result (attach a copy of the court's opinion or order, if available): *(See attached) "Order Denying Application For Post-Conviction Relief."*

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *O.C.C.A.-Oklahoma Court of Criminal Appeals, 2100 N. Lincoln Blvd., Okla. City, Okla. 73105-4907*

Docket or case number (if you know): *PC-2020-466*

Date of the court's decision: *December 22, 2020*

Result (attach a copy of the court's opinion or order, if available): *(See attached) Order Affirming Denial of Application For Post-Conviction Relief*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *N/A*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: *N/A*

**GROUND FOUR:** *N/A*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *N/A*

(b) If you did not exhaust your state remedies on Ground Four, explain why: *N/A*

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: *N/A*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *N/A*

Name and location of the court where the motion or petition was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____ *N/A* _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____ *N/A* _____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____ *N/A* _____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____ *N/A* _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____ *N/A* _____

_____
_____
_____
_____
_____
_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?          ☐ Yes     ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.          _____N/A_____

_____
_____
_____
_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: _John Cannon, O.I.D.S. at the time of my_
_preliminary hearing; then left O.I.D.S. shortly thereafter_

(b) At arraignment and plea: _Robert Ravitz, O.I.D.S._

(c) At trial: _Thomas Hurley, O.I.D.S._

(d) At sentencing: _Thomas Hurley, O.I.D.S._

(e) On appeal: _Gina Walker, O.I.D.S._

(f) In any post-conviction proceeding: _pro-se_

(g) On appeal from any ruling against you in a post-conviction proceeding: _pro-se_

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes     ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____N/A_____

AO 241 (1/15) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254          Page 13 of 15

(b) Give the date the other sentence was imposed: _N/A_

(c) Give the length of the other sentence: _N/A_

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ☐ Yes          ☒ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_N/A_

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _Reverse and remand for a new trial, for at least an evidentiary hearing, or dismissal of the charge_

or any other relief to which petitioner may be entitled.


                          _Alan E. Strickland_
                          Signature of Petitioner or Attorney (if any)


## VERIFICATION

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _January 25, 202_ (month, day, year).

Executed (signed) on _1/25/2021_ (date).

                          _Alan E. Strickland_
                          Signature of Petitioner or Authorized
                          Person Under 28 U.S.C. § 2242

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_N/A_