IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALAN E. STRICKLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-21-0064-HE |
| ) | |
| SCOTT CROW, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

Petitioner Alan E. Strickland, proceeding *pro se*, filed this case seeking habeas relief from his state conviction and sentence. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings. Respondent filed a motion to dismiss the petition as time barred, to which petitioner responded. Judge Mitchell has since issued a Report and Recommendation recommending that the motion be granted. Plaintiff has objected to the Report, which triggers *de novo* review of the matters to which objection has been made.

Petitioner contends that his petition was timely filed because: (1) the Report miscalculates the limitations period for filing the petition, (2) COVID-19 quarantine conditions restricted his access to the law library, and (3) that the delay between the date when his post-conviction relief application was affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") and the date when he received notice of that decision should be factored into the limitations period calculation.

The Report correctly determined that, after giving effect to the normal filing deadline and other intervening events, petitioner had until January 12, 2021 to file his petition. The one-year limitations period began to run on October 11, 2018, and absent intervening events would have expired on October 11, 2019. In the meantime, however, Mr. Crow filed an application for post-conviction relief with the state courts on September 20, 2019. At that point, there were 21 days remaining before the limitations period would expire.

The application for post-conviction relief was finally resolved by the OCCA's decision on December 22, 2020. Calculated from that day, the unexpired 21 days would have elapsed on January 12, 2021. But the petition was not filed by that date. The petition indicates it was placed in the prison mail on January 25, 2021. It was filed with the court on January 29, 2021. So based on either the mailing date or the filing date, the petition was not timely.

Petitioner attempts to avoid this conclusion by arguing that the running of the final 21 days of the limitations period should not have commenced until he received the OCCA order affirming the denial of post-conviction relief on January 2, 2021, rather than the date it was issued (December 22, 2020). But in Oklahoma, the relevant date is the date the order issued, not the date it was received by petitioner. Moore v. Gibson, 250 F.3d 1295, 1298 (10th Cir. 2001).

The question then becomes whether there is a basis for excusing petitioner's non-timely filing. The deadlines set out by 18 U.S.C. § 2244(d) are "subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling will

only apply, however, when the petitioner has been pursuing his rights diligently and some "extraordinary circumstance" prevented the timely filing of the petition. *Id.* at 649. Here, petitioner has failed to set forth extraordinary circumstances which prevented timely filing.

It is true that the COVID-19 pandemic has caused restrictions to be placed on prisoners' access to prison libraries. In this instance, however, petitioner was granted access to the library a week before his response was due. Further, as the Report notes, a prison lockdown does not qualify as an extraordinary circumstance justifying equitable tolling absent a showing that some additional circumstance prevented the timely filing of the petition. <u>Phares v. Jones</u>, 470 Fed. Appx. 718, 719 (10th Cir. 2012). Petitioner has not made that showing.

The court therefore concludes that a basis for equitable tolling has not been shown and that the petition was not filed within the statutory limitations period. The Report and Recommendation [Doc. #14] is **ADOPTED**. Respondent's Motion to Dismiss [Doc. #11] is **GRANTED**. The petition is **DISMISSED** without prejudice. A certificate of appealability is **DENIED**, as the court concludes defendant has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and reasonable jurists would not find the court's procedural ruling debatable. <u>Paredes v. Atherton</u>, 224 F.3d 1160, 1160 (10th Cir. 2000).

**IT IS SO ORDERED**.

Dated this 19th day of July, 2021.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE